IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DAVID J. SHARP,

Plaintiff,

v.

STOUGHTON TRAILERS, LLC,

Defendant.

OPINION & ORDER

15-cv-598-jdp

Plaintiff David J. Sharp brings this employment discrimination suit against his former employer, defendant Stoughton Trailers, LLC, alleging disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (ADA), and the Wisconsin Fair Employment Act, Wis. Stat. §§ 111.31-111.395 (WFEA).

Now defendant has moved to dismiss counts II and III of plaintiff's complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 7. The court will grant defendant's motion to dismiss count II but will deny the motion to dismiss count III.

ALLEGATIONS OF FACT

In July 2012, Dr. Jeffery P. Staab diagnosed plaintiff with chronic subjective dizziness (CSD). Plaintiff took prescribed medication to treat his symptoms from September 2012 to September 2013; at that time, doctors started tapering the medication regimen. Plaintiff's symptoms were largely under control at that time.

On October 28, 2013, defendant hired plaintiff as a value stream manager. But in January 2014, plaintiff's symptoms resurfaced; he had trouble walking and standing, making it dangerous for him to drive or to be around moving equipment. Plaintiff told his supervisor,

Dale Einerson, about his CSD at that time, and Einerson accommodated plaintiff by allowing him to come into work later on some mornings or to work from home as needed.

On March 4, 2014, plaintiff told his production managers and Kate Shieldt, defendant's vice president of human resources, about his CSD. On March 13, 2014, Robert Wahlin, defendant's president, informed plaintiff that Einerson no longer worked for the company and that Mike Doverspike would be plaintiff's new supervisor. Although Doverspike knew about plaintiff's CSD, he refused to continue Einerson's accommodations. In response, plaintiff produced a letter from his physician requesting a flexible schedule to accommodate his CSD. Defendant requested additional information from plaintiff's physician. Plaintiff informed human resources and Doverspike that he would request an updated letter when his physician returned from vacation.

Plaintiff obtained a supplemental letter from his physician on April 1, 2014, and he brought it with him to work that day. On his way to work, Doverspike called plaintiff and told him to report to his office when he arrived. Plaintiff dropped the letter at Ms. Shieldt's desk on his way to Doverspike's office. There, plaintiff met with Doverspike and Shieldt, who promptly terminated plaintiff for alleged performance issues. Plaintiff did not find another job until September 2015.

Plaintiff filed a complaint with the State of Wisconsin Equal Rights Division and with the Equal Employment Opportunity Commission. On June 19, 2015, the EEOC notified plaintiff of his right to sue. Plaintiff alleges disability discrimination in violation of the ADA and the WFEA, and intentional discrimination that entitles plaintiff to punitive damages pursuant to 42 U.S.C. § 1981a.

The court has subject matter jurisdiction over plaintiff's ADA claim pursuant to 28 U.S.C. § 1331, because it arises under federal law. To the extent that plaintiff has stated a claim upon which relief can be granted under the WFEA, the court would have supplemental jurisdiction over the state law claim, pursuant to 28 U.S.C. § 1367(a), because that claim is so related to plaintiff's ADA claim that it forms part of the same case or controversy.

ANALYSIS

A motion to dismiss pursuant to Rule 12(b)(6) tests the complaint's legal sufficiency. To state a claim upon which relief can be granted, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] . . . Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (internal citations and quotation marks omitted).

Defendant moves to dismiss counts II and III of plaintiff's complaint. Defendant contends that the WFEA does not provide a private right of action and that plaintiff cannot maintain an independent claim for punitive damages pursuant to 42 U.S.C. § 1981a.

## A.  Private right of action under the WFEA

The WFEA provides that "no employer . . . may engage in any act of employment discrimination . . . against any individual on the basis of . . . disability[.]" Wis. Stat.

3

§ 111.321. The Wisconsin Department of Workforce Development's Equal Rights Division receives, investigates, and holds hearings on complaints charging discrimination in violation of the WFEA. *Id.* § 111.39; *see also Staats v. County of Sawyer*, 220 F.3d 511, 516 (7th Cir. 2000) ("[T]he Equal Rights Division was the exclusive forum in which Staats could bring his WFEA claims: the WFEA does not create a private right of action[.]"); *Bachand v. Conn. Gen. Life Ins. Co.*, 101 Wis. 2d 617, 305 N.W.2d 149, 152 (Ct. App. 1981) ("[S]ince the Wisconsin Fair Employment Act specifically states that all remedies are to be pursued through [the department], that avenue is the exclusive means by which the remedy may be pursued." (internal citation omitted)).

In 2006, the United States District Court for the Eastern District of Wisconsin determined that Wisconsin state courts had been somewhat divided on whether the WFEA creates a private right of action. *Martin v. Nw. Mut. Life Ins. Co.*, No. 05-cv-209, 2006 WL 897751, at *3-*4 (E.D. Wis. Mar. 31, 2006) (citing cases). The court ultimately concluded that Wisconsin recognized a private right of action under the WFEA only in limited circumstances—namely, when a plaintiff seeks a remedy that was unavailable during the administrative proceedings. *Id.* at *4 ("[B]ased on a review of Wisconsin case law and federal case law interpreting the WFEA, this Court agrees with those courts which have held that the WFEA does not create a private cause of action beyond those particular factual circumstances examined in *Yanta* and circumscribed by *Bachand*.").[1]

---

[1] In *Yanta v. Montgomery Ward & Co.*, 66 Wis. 2d 53, 224 N.W.2d 389, 394 (1974), the Wisconsin Supreme Court allowed the plaintiff to bring a claim for back pay under the WFEA because back pay was not an available remedy during the administrative proceedings; it became available only after the proceedings had concluded.

In *Bachand*, the court held that *Yanta* created a narrow exception, not a general rule: an individual has a private right of action under the WFEA only if the legislature creates a

The federal district courts in Wisconsin have, in the past, resolved this issue differently. *Velyov v. Frontier Airlines, Inc.*, No. 14-cv-71, 2014 WL 5312656, at *2 (E.D. Wis. Oct. 16, 2014) (comparing *Martin*, 2006 WL 897751, at *4 (holding that a person can bring a private cause of action under the WFEA only under limited factual circumstances) with *Shanahan v. WITI-TV, Inc.*, 565 F. Supp. 219, 223 (E.D. Wis. 1982) (holding that as a general rule a person has an implied right to bring a private cause of action under the WFEA)). But since then, legislative retooling has confirmed that the WFEA does not provide a general private right of action. A 2009 amendment allowed individuals who prevailed on an administrative claim to bring a private suit for compensatory and punitive damages. The legislature repealed the amendment a short time later. Although a private right of action under the WFEA existed in that limited window between 2009 and 2012, the window has since closed. *Velyov*, 2014 WL 5312656, at *3 ("WFEA violations occurring between July 1, 2009 and April 19, 2012 may still be the basis of a private cause of action for punitive and compensatory damages."). This brief interlude effectively codified *Martin*'s take on Wisconsin law: the existence of the amendment itself confirmed that prior to its enactment, individuals did not have a general private right of action under the WFEA. *See, e.g.*, *Jones v. Int'l Ass'n of Bridge Structural Ornamental & Reinforcing Iron Workers*, 864 F. Supp. 2d 760, 767 (E.D. Wis. 2012) ("Prior to the enactment of 2009 Wisconsin Act 20, a plaintiff could not maintain a private cause action under WFEA. . . . [T]he plaintiff can only maintain a private cause of action under the WFEA if any alleged discrimination occurred on or after July 1, 2009.").

---

remedy that was not available to the individual during the administrative process, "simply because the amendment came too late." 305 N.W.2d at 152-53.

And so that brings us to plaintiff's claim here. The WFEA does not afford plaintiff a general private right of action, unless plaintiff brings a claim for discrimination occurring between July 1, 2009, and April 19, 2012. He does not. As a result, plaintiff cannot bring a disability discrimination claim under the WFEA, and the court will grant defendant's motion to dismiss count II of plaintiff's complaint.

## B.  Punitive damages pursuant to 42 U.S.C. § 1981a

Under 42 U.S.C. § 1981a, a plaintiff may recover punitive damages for certain ADA violations, provided he proves that his employer acted with the requisite mental state. *See also Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 534 (1999) ("The very structure of § 1981a suggests a congressional intent to authorize punitive awards in . . . a subset of cases involving intentional discrimination."). Section 1981a expands the universe of available remedies in certain discrimination suits. *See Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961, 965 (7th Cir. 2004).

A claim for punitive damages is not a stand-alone claim: "punitive damages is a remedy for a wrong suffered," and, as a result, a plaintiff must prevail on a substantive claim to receive an award of punitive damages. *Indemnified Capital Invs., SA. v. R.J. O'Brien & Assocs., Inc.*, 12 F.3d 1406, 1413 (7th Cir. 1993). That being said, the court does not know what defendant hopes to accomplish by having plaintiff's § 1981a claim dismissed as an independent cause of action, and defendant does not make a case for precluding plaintiff from seeking § 1981a punitive damages. In fact, defendant concedes that plaintiff may be able to recover punitive damages pursuant to § 1981a if he prevails on his claim for disability discrimination in violation of the ADA. Dkt. 8, at 4. The court will deny defendant's motion to dismiss count III as unnecessary.

ORDER

IT IS ORDERED that defendant Stoughton Trailers, LLC's motion to dismiss, Dkt. 7, is GRANTED in part and DENIED in part. The court dismisses count II of plaintiff's complaint, but plaintiff's claim to § 1981a punitive damages may remain.

Entered June 2, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

7